IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FISKARS FINLAND OY AB and
FISKARS BRANDS INC.,

                  Plaintiffs,                            OPINION and ORDER

    v.

                                                        22-cv-540-jdp

WOODLAND TOOLS INC., *et al.*,

                  Defendants.

---

      Plaintiffs have filed a motion to compel compliance with a document subpoena that they served on Michael Kollman. Dkt. 252. Mr. Kollman is the owner of defendants, Woodland Tools and Lumino, plaintiffs' competitors in the gardening tool industry. He was also the owner of another company, Levo, LLC. The subpoena asks Mr. Kollman to produce two things: (1) any settlement agreement that resolved a 2011 state lawsuit naming Mr. Kollman and Levo as defendants and (2) agreements and documents relating to the sale of Levo in 2013.

      On the first point: Plaintiffs argue any settlement agreement from the state case is relevant to this federal case because the allegations in the state case echo those here—i.e., Levo and Mr. Kollman were accused of wooing away a competitor's employees and using their confidential information to steal market share, as defendants are accused of doing here. Thus, argue plaintiffs, the terms of the settlement agreement could establish Mr. Kollman's "*modus operandi*." Dkt. 252 at 2. The court disagrees—even accepting the allegations in the state case as true, this case involves different parties, different markets, and different products from a different time. Whatever minimal value plaintiffs may glean from a settlement agreement from

a decade-old state case is outweighed by other considerations, including undue burden on a nonparty.

Moreover, Federal Rule of Evidence 408 generally prohibits the use of settlement agreements to prove liability and damages. While we are concerned with discovery at this stage, not admissibility, and while settlement agreements may be admissible for some limited purposes, such as impeachment, plaintiffs do not engage with Rule 408 at all. Given the general sensitivities associated with settlement agreements, plaintiffs should have a good reason to ask for this one—i.e., they should be able to explain why the agreement is key to proving or developing a critical issue in the case—but plaintiffs have failed to supply such a reason. In fact, their motion suggests that they hope to use the settlement agreement to paint Mr. Kollman as a habitual wrongdoer, which is a poor argument considering the general prohibition against propensity evidence. Without a reason grounded in the facts of this case, the court will not order the settlement agreement's production.

On the second point: Plaintiffs argue that the terms of the sale of Levo are relevant to this case because they suspect that Mr. Kollman made money on the sale. This suspected financial gain, argue plaintiffs, provided Mr. Kollman with a financial motive to engage in the alleged wrongdoing in the state case and provides Mr. Kollman further incentive to re-engage in the alleged wrongdoing in this case. The court is not persuaded. Whether Mr. Kollman made money on a 2013 sale does not make any material fact to any claim or defense in this case any more or less likely. Financial gain is always a factor in business-to-business disputes like this one. Even accepting plaintiffs' theory on its face, they can make their point without documents detailing the terms of Levo's sale.

Finally: The court notes that the issues raised in plaintiffs' instant motion also arose during Mr. Kollman's deposition, which was taken March 19, 2024. Counsel defending the deposition invited plaintiffs' counsel to involve the court then by placing a call to the magistrate judge, but plaintiffs chose not to. Had plaintiffs taken defendants up on this offer, the issue would have been resolved timely and in short order, avoiding the need for costly briefing. Instead, plaintiffs waited a month to serve Mr. Kollman with a subpoena and over three months to bring this motion. Plaintiffs do not explain this delay. Meanwhile, the basis for asking for these materials has only weakened. In May, the court denied plaintiffs' motion for leave to amend, Dkt. 188, which sought to add a conspiracy claim partly premised on Mr. Kollman's past business activities and the 2011 state case. In light of this development, plaintiffs' requests are even further afield from the core of this case.

For all of the above, plaintiffs' motion, Dkt. 252, is DENIED. The court declines to exercise its discretion to split costs under Rule 37(a)(5)(B).

Entered June 28, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge