IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FISKARS FINLAND OY AB and
FISKARS BRANDS INC.,

          Plaintiffs,

v.

WOODLAND TOOLS INC., *et al.*,

          Defendants.

Case No. 3:22-cv-540-jdp

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO TAKE EXCESS DEPOSITIONS**

      Enough is enough. Discovery in this case closes on August 30, 2024. The parties are currently scheduled to take 15 depositions during the month of August and one in September. To date, the defendants have already taken a total of eleven depositions: nine fact witness depositions and two expert depositions. And although the defendants tell the Court that they want to take "a total of fourteen depositions," (see Dkt. 300 at 1), the defendants are actually seeking a total of sixteen depositions. Plaintiffs Fiskars Finland Oy Ab and Fiskars Brand Inc. (collectively "Fiskars") have already agreed to allow the defendants to take ten fact witness depositions and depositions of each of the plaintiffs' four experts—that is, Fiskars is already agreeable to allow the defendants to take a total of fourteen depositions.

      The defendants are entitled to no additional depositions. Four specific, disputed depositions are at issue in the defendants' motion: (1) a Rule 30(b)(6) deposition of Fiskars Brands Inc.; (2) a Rule 30(b)(6) deposition of Fiskars Finland Oy Ab; (3) an individual deposition of Scott Carey; and (4) an individual deposition of Patrick Ball. *See* Dkt. 300 at 7. The

defendants' Rule 30(b)(6) deposition notices to the two corporate plaintiffs are identical and each seek testimony on the same 96 topics. Copies of the notices for the Rule 30(b)(6) depositions are attached as **Exhibits A and B**, and a redline comparing the two deposition notices is attached as **Exhibit C**. The requested depositions are duplicative of each other and of discovery already taken. The Court should deny the defendants' motion and should allow the defendants to take a single, combined Rule 30(b)(6) deposition of the plaintiffs, and to complete a total of ten fact witness depositions as well as depositions of the plaintiffs' experts.

## ADDITIONAL RELEVANT BACKGROUND

While there is no need to repeat the basic procedural background of this case, the Court should consider the following additional background relevant to the defendants' instant motion:

*Relationship of the Fiskars Plaintiffs.* As a multi-national consumer products company, the corporate structure of Fiskars Group—like many multi-national and international companies—includes multiple corporate entities. Fiskars Oyj Abp (a non-party) is the ultimate parent company of both plaintiffs. Plaintiff Fiskars Brands Inc. ("Fiskars Brands") is the operating entity of the business in the United States. And Plaintiff Fiskars Finland Oy Ab ("Fiskars Finland") is the record owner of the patents asserted in this case. Fiskars Finland generally has no separate knowledge from Fiskars Brands with respect to the facts of this case, and plaintiffs have agreed to state as such on the record.

*Sean Malloy.* Since the filing of the defendants' motion, the defendants have withdrawn their notice of deposition directed to Sean Malloy. *See* **Exhibit D** (email exchange between counsel on August 13, 2024). The defendants' complaints regarding Mr. Malloy are moot.

*Scott Carey and Patrick Ball.* Both Mr. Carey and Mr. Ball have relatively limited involvement in facts relating to this case. Scott Carey's title at Fiskars is "Senior Finance Manager;" and Patrick Ball's title is "Strategic Sales Manager." Both Mr. Carey and Mr. Ball

report to Kent Klagos, the Director of Sales at Fiskars, who was already deposed on July 31, 2024. Mr. Carey collected information that was produced in this case and used by the parties' damages experts regarding the revenue, sales and costs relating to the Fiskars products at issue. Mr. Carey is currently on paternity leave and returns from leave on August 26, 2024. Mr. Ball is the account manager for Fiskars' account with Lowe's. Mr. Ball provided certain information to Fiskars' damages expert, Joshua Lathrop, relating to Fiskars' lost profits due to competition with Woodland Tools in connection with a product line review with Lowe's during 2022-2023 for the 2024-2025 seasons. Woodland has already deposed two other Fiskars sales personnel—Mr. Klagos and Mr. Geordie Shaw—regarding the Lowe's line review.

*Defendants' Timing and Failure to Sufficiently Meet and Confer*. Any timing issues faced by the defendants with respect to the discovery cutoff are entirely of their own making. The ten-deposition limit has been a known issue for months and Fiskars has been, and remains, willing to be reasonable. As early as March 29, 2024, the defendants identified 16 individuals associated with the plaintiffs that they expected to have knowledge relating to Woodland's defenses and counterclaims. *See* **Exhibit E** at 5-6 (March 29, 2024 email enclosing Woodland Tools' Second Updated Rule 26(a)(1) Initial Disclosures). In May, the defendants identified twelve proposed depositions, but did not serve corporate deposition notices for the Fiskars Plaintiffs when it served ten other deposition notices on May 24, 2024. *See* **Exhibits F & G** (May 10, 2024 and May 24, 2024 emails). At least as early as June 3, 2024, the defendants indicated their intent to "immediately file a motion" to seek leave to exceed the ten-deposition limit, but they did not do so until now. *See* **Exhibit H** at 12. These exchanges continued throughout the summer, as indicated in the recent email chain that defendants provided at Dkt. 301-2. But the parties have not yet conducted the meet and confer required under Rule 30(b)(6)

3

for corporate depositions, as defendants themselves acknowledge. *See* Fed. R. Civ. P. 30(b)(6) ("Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination."); *see also* Dkt. 300 at 6. The parties have continued to meet and confer since the filing of the defendants' motion, plan to speak again on Monday, and appear to have made progress toward resolving the issues in defendants' motion as laid out in an email chain containing communications between the parties as recently as this morning (August 16, 2024). *See* **Exhibit I**.

## ARGUMENT

**I.     The Court should deny Defendants' motion for leave to take more than ten fact witness depositions.**

There is no reason that the defendants need more than ten fact witness depositions in this case. The deposition testimony the defendants seek by way of their motion can be elicited through a single, combined Rule 30(b)(6) deposition of both plaintiffs. Fiskars has offered to stipulate that testimony from a single, combined Rule 30(b)(6) deposition would constitute the testimony of both entities. It would also cover the topics of testimony on which Scott Carey and Patrick Ball have information. In fact, Scott Carey is likely to serve as the witness appointed by Fiskars on certain of the financial topics.

There are two reasons Rule 30 ordinarily limits a party to ten depositions. First, Rule 30's limits ensure courts engage in an analysis under Rule 26(b)(2) standards before authorizing depositions to exceed ten without consent. *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 692 (D. Kan. 1996) (citing Fed. R. Civ. P. 30(a)(2)(A) Advisory Comm. Notes (1993 Amend.)). Rule 26 requires that a court limit the frequency or extent of discovery if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking

4

discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(2)(C). And second, the Rule's limits "emphasize [counsel's] professional obligation to develop a mutual cost-effective plan for discovery in the case." *Dixon,* 164 F.R.D. at 692 (citing Fed. R. Civ. P. 30(a)(2)(A) Advisory Comm. Notes (1993 Amend.)). A litigant is not entitled to depose an individual or entity merely because the proposed deponent may have discoverable information. *Newell v. State of Wis. Teamsters Joint Council No. 39*, No. 05-cv-552, 2007 WL 3166757, at *1 (E.D. Wis. Oct. 25, 2007).

      **A.**    **The Defendants should be limited to a single Rule 30(b)(6) deposition of the Plaintiffs.**

As Fiskars has explained repeatedly to the defendants, two separate corporate depositions of Fiskars Brands and Fiskars Finland will be duplicative and wasteful. Dkt. 301-2 at 2 (Aug. 9, 2024 email from Jeffrey Patterson) and at 6 (Aug. 6, 2024 email from Jeffrey Patterson). The defendants have not and cannot articulate any good faith reason that two separate corporate depositions are appropriate or necessary. The scope of Rule 30, including the use of corporate depositions under Rule 30(b)(6), is limited by the basic principles of Rule 26 relating to relevancy and proportionality. *See United States ex rel. Patzer v. Sikorsky Aircraft Corp.*, No. 11-cv-560, 2022 WL 784522, at *1 (E.D. Wis. Mar. 15, 2022). Under these principles, there are several reasons that the Court should reject defendants' request for two separate corporate depositions of the two plaintiff entities.

*First*, Fiskars Finland generally has no knowledge base of the facts relating to this case, separate from Fiskars Brands. As the U.S. operating entity, Fiskars Brands is the primary plaintiff-in-interest in this case. But Fiskars Finland is named as a plaintiff because it is the owner of the patents-in-suit, a fact that is admitted by the defendants. *See, e.g.* Dkt. 37 ¶¶ 107,

5

115 (Woodland Tools' Answer to Amended Complaint). *See also* Dkt. 42. The claims alleged by the Fiskars entities are identical; in other words, Fiskars Brands and Fiskars Finland do not assert separate claims or different combinations of claims against the defendants. *See* Dkt. 33.

*Second*, the Rule 30(b)(6) deposition notices to Fiskars Finland and to Fiskars Brands are identical, except for the name of the entity. *See* **Exhibit C**. Under Rule 30, Fiskars is obligated to provide and prepare a witness on each of the non-objectionable topics. Thus, Fiskars is obligated to provide testimony on each of the topics, regardless which entity the notice is directed to.

*Third*, the defendants themselves have treated the two plaintiffs as a single unit in discovery throughout this case. The defendants have not served requests for production or interrogatories to Fiskars Brands and Fiskars Finland separately; rather, the defendants have served discovery requests on "Fiskars" collectively. *See, e.g*. Dkt. 51-1, 51-2, 69-4, 69-7. Similarly, the two Fiskars entities have always served discovery together; Fiskars Finland has not served discovery requests separately or different from those of Fiskars Brands.

*Fourth*, Fiskars is willing to allow the defendants to explore any potential facts that Fiskars Finland may have through the vehicle of a single, combined Rule 30(b)(6) deposition of both plaintiffs. Fiskars will prepare a witness to address all non-objectionable topics and Fiskars is willing to stipulate that the testimony of the single Rule 30(b)(6) deposition is on behalf of both plaintiffs. Under this structure, the defendants will be able to ask questions at the deposition that could explore any differences in knowledge between Fiskars Brands and Fiskars Finland. But it is a waste of time and resources to proceed with two separate depositions—something Rule 26 explicitly counsels against. And as a practical matter, given the number of topics in the defendants' Rule 30(b)(6) deposition notices, it is likely that multiple witnesses will be needed to

cover the noticed topics—many of whom have already been deposed in this case. A single, combined corporate deposition is enough.

### B. The knowledge of Mr. Carey and Mr. Ball is subsumed within the Rule 30(b)(6) topics noticed by the defendants.

The Court should also deny leave for the defendants to depose Scott Carey[1] and Patrick Ball as individual fact witnesses because their testimony will be duplicative of other depositions and because the defendants' Rule 30(b)(6) notices to the plaintiffs include comprehensive financial topics on which the company must prepare a witness to testify. As explained above, both Mr. Carey and Mr. Ball have limited involvement in this case; they collected financial information that was used by Fiskars' damages expert. Additionally, Kent Klagos has already testified about the Lowe's line review of which Mr. Ball has knowledge as the company's account representative for Lowe's.

To the extent that Mr. Carey and Mr. Ball's knowledge relevant to this case is not already included in the testimony and report of Fiskars' damages expert, it is covered by the financial topics in the Rule 30(b)(6) notices to the Fiskars plaintiffs. In fact, there is also a high likelihood that Mr. Carey may be designated by Fiskars to address a small number of financial-related topics in a Rule 30(b)(6) deposition of Fiskars. Without waiving any objections that Fiskars may have to these topics, the financial topics in the defendants' Rule 30(b)(6) deposition notices are comprehensive and include the following:

- <u>Topic 22</u>: Your total sales of the "Practicing Products," (a defined term in the notice).
- <u>Topic 23</u>: All evidence and information relating to your claim for lost sales of the Practicing Products.
- <u>Topic 24</u>: Your annual profit and loss statements for each Practicing Product.

---

[1] Fiskars requests that any deposition of Mr. Carey be scheduled after he returns from paternity leave on August 26, 2024.

- Topic 25: Your operating expenses related to each Practicing Product.

- Topic 29: The facts and documents related to Plaintiffs' damages claims in this lawsuit.

- Topic 30: The basis for the factual assertions and statements in Plaintiffs' expert reports that are based on information from Plaintiffs, as well as identification of documents supporting such assertions.

- Topic 38: The facts and documents related to the value to You of the trade secrets at issue in This Action.

- Topic 39: The facts and documents related to the commercial value of the trade secrets at issue in This Action.

- Topic 42: The facts and documents related to Your alleged damages relating to Your trade secret claim.

- Topic 44: The facts and documents related to Your alleged damages relating to Your false advertising claim.

- Topic 46: The facts and documents related to Your alleged damages relating to Your beach of duty of loyalty claim.

- Topic 49: The facts and documents related to Your alleged damages relating to Your breach of contract claims based on the Non-Compete Agreements.

- Topic 51: The facts and documents related to Your alleged damages relating to Your breach of contract claim based on the Costa Separation Agreement and General Release.

- Topic 53: The facts and documents related to Your alleged damages related to Your tortious interference claim.

- Topic 59: Your gross sales, profits, expenses, costs and deductions from sales of the "Power Claim Products," (a defined term in the notice).

- Topic 66: Your gross sales, profits, expenses, costs and deductions from sales of the "False Origin Products," (a defined term in the notice).

- Topic 73: Your gross sales, profits, expenses, costs and deductions of the "False Titanium Products," (a defined term in the notice).

- Topic 74: The information and documents supporting the information contained in FISKARS00124587 and other iterations of that spreadsheet.

- Topic 81: If You dispute Woodland's claims for damages and relief in This Action, identification of the documents and information supporting such positions.

- Topic 96: Explanation of an identification of the bases and documents supporting the financial information produced or relied on by Fiskars in this case.

Under Federal Rule of Civil Procedure 30(b)(6), Fiskars is obligated to designate a witness to testify on the company's behalf on the above topics—subject to Fiskars' objections and the parties meet and confer efforts to narrow and refine the topics. The witness designated by the company "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Of course, "[t]he purpose of a 30(b)(6) notice is to allow the corporation responsible for producing witnesses to produce appropriately knowledgeable witnesses for the likely topics of inquiry." *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC,* No. 09-cv-916, 2011 WL 13077072, at *2 (E.D. Wis. June 27, 2011); *see also Cohen v. Minneapolis Jewish Fed'n*, 286 F. Supp. 3d 949, 980, (W.D. Wis. 2017) (explaining that "the purpose of Rule 30(b)(6) is obviously not to give a party a vehicle for deposing the same witness a second time."). Thus, if the defendants elect to use their tenth fact witness deposition on a single, combined Rule 30(b)(6) deposition of the Fiskars plaintiffs, they will have a fair chance to obtain deposition testimony on the topics on which Messrs. Carey and Ball have knowledge.

**CONCLUSION**

The Court should deny the defendants' motion to "take fourteen depositions." Fiskars is already agreeable to the defendants taking ten fact witness depositions and depositions of each of Fiskars' four experts. Given the duplicative and wasteful nature of the additional depositions sought in defendants' motion (Dkt. 300), the Court should deny the motion and should allow the defendants to take a single, combined Rule 30(b)(6) deposition of the plaintiffs to complete a total of ten fact witness depositions as well as depositions of the plaintiffs' experts.

Dated:  August 16, 2024

Respectfully submitted,

By: *s/ Jennifer L. Gregor*

    Jennifer L. Gregor
    Jenna Riddle
    **GODFREY & KAHN, S.C.**
    One East Main Street, Suite 500
    Madison, WI  53703
    Tel: (608) 257-3911
    E-mail:    jgregor@gklaw.com
                  jriddle@gklaw.com

    Jeffrey S. Patterson
    Morgan T. Nickerson
    Christopher J. Valente
    Keith J. McCarthy
    **K&L GATES LLP**
    1 Congress Street, Suite 2900
    Boston, MA  02114
    Tel: (617) 261-3100
    E-mail:    jeffrey.patterson@klgates.com
                  morgan.nickerson@klgates.com
                  christopher.valente@klgates.com
                  keith.mccarthy@klgates.com

    Christina N. Goodrich
    Connor J. Meggs
    **K&L GATES LLP**
    10100 Santa Monica Blvd., 8th Floor
    Los Angeles, CA  90067
    Tel: (310) 552-5000
    E-mail:    christina.goodrich@klgates.com
                  connor.meggs@klgates.com

    ***Attorneys for Plaintiffs Fiskars Finland Oy Ab and Fiskars Brands Inc.***

31647679