UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Fiskars Finland Oy Ab and Fiskars Brands Inc., <br><br>    Plaintiffs, <br><br>    v. <br><br> Woodland Tools Inc., <br><br><br>    Defendants. | Case No. 3:22-cv-540-JDP <br><br><br> JURY TRIAL DEMANDED |

**DEFENDANT WOODLAND TOOLS, INC.'S MOTION *IN LIMINE***

Pursuant to the Court's Preliminary Pretrial Conference Order [Dkt. 31], and in light of the Court's Opinion and Order on the Parties' Motions for Summary Judgment [Dkt. 314], Defendant Woodland Tools, Inc. ("Woodland" or "Defendant"), by and through its attorneys, respectfully moves *in limine* for the relief set forth below.

**I.   THE COURT SHOULD EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO IMPROPER AND UNTIMELY EXPERT TESTIMONY FROM LAY WITNESSES.**

One of Woodland's Counterclaims against Fiskars Finland Oy Ab and Fiskars Brands Inc. (collectively, "Fiskars") for false advertising alleges that Fiskars' product packaging and marketing materials for certain products falsely advertise that the products provide "3x more power", "2x more power," or variations of those statements ("Power Claims"). Woodland timely disclosed the expert opinion of Dr. Gregory Buckner, a mechanical engineer, relating to this Counterclaim. Fiskars did not timely disclose an expert witness and opinion to rebut Dr. Buckner's expert opinion,

and their attempts to belatedly disclose rebuttal expert opinion on this topic were rejected by the Court. [Dkt. 76 (Fiskars' Motion to Amend Pretrial Conference Order); Dkt. 85 (denying motion); Dkt. 314, pp. pp. 61-62 (excluding Mr. Smith's report)]. Fiskars' only expert witnesses relating to Woodland's Counterclaims for false advertising, the sole remaining claims at issue in this case, are Dr. Botner (a survey expert) and Mr. Lathrop (a damages expert). As such, Fiskars has no expert witness to rebut Dr. Buckner's expert report, to opine on the accuracy of Fiskars' Power Claims, or provide any testimony requiring specialized knowledge relating to physics or mechanical engineering.

During summary judgment briefing, Fiskars submitted a declaration from Daniel Cunningham, a Principal Front End Engineer at Fiskars, providing new facts and documents attempting to show that Fiskars' Power Claims are literally true. [Dkt. 166]. In his declaration, Mr. Cunningham asserted, among other things, that certain test results support Fiskars' statements about the cutting power of its tools. [*Id.*, ¶¶ 9-17; Dkt. 166-1 (Ex. 1), 166-2 (Ex. 2), 166-3 (Ex. 3)].

Woodland filed a Motion to Strike Mr. Cunningham's testimony as improper and undisclosed expert testimony, because Mr. Cunningham was never disclosed as an expert in this case. [Dkt. 194]. Accordingly, the Court struck the portions of Mr. Cunningham's declaration concerning the cutting power of Fiskars' products, including paragraphs 9-17 of the Cunningham declaration interpreting Exhibits 1 to 3, as untimely and previously undisclosed expert testimony. [Dkt. 314, p. 26]; *see also* Fed. R. Evid. 701, 702; *Compania Administradora de Recuperacion de Activos Administradora de Fondos de Inversion Sociedad Anonima v. Titan Int'l, Inc.*, 533 F.3d 555, 561 (7th Cir. 2008). Specifically, the Court found:

> As for the portion of Cunningham's declaration that concerns the cutting power of Fiskars's products, *see* Dkt. 166, at ¶¶ 9–17, Cunningham provides information based on specialized knowledge and experience as an engineer. Almost half of Cunningham's declaration is an explanation of why certain Fiskars products have a "2x/3x claim on the packaging," including discussion of the effects of certain product features and citation to results from

2

> testing Fiskars's tools in comparison to other products. The testing results that Cunningham cites contain technical data that requires specialized knowledge to understand and interpret. *See* Dkt. 166-1; Dkt. 166-2; Dkt. 166-3. Cunningham's explanation of the effects of certain product features is the type of information that any expert in physics or mechanical engineering would provide as context to help the factfinder understand the testing results.

[Dkt. 314, p. 25]. Thus, the Court concluded that "paragraphs 9 through 17 of Cunningham's declaration are within the scope of expert testimony as defined by Rule 702", granted Woodland's motion to strike paragraphs 9 to 17 of Cunningham's declaration, and ordered it "will exclude any related testimony from Cunningham." [*Id.,* pp. 25-26.]

Consistent with the Court's ruling on Woodland's Motion to Strike, Woodland moves *in limine* to preclude Fiskars from soliciting any testimony, evidence, or other information from any lay witness "based on specialized knowledge and experience as an engineer"; explaining "why certain Fiskars products have a '2x/3x claim on the packaging,' including discussion of the effects of certain product features and citation to results from testing Fiskars's tools in comparison to other products"; "relating to test results that . . . contain technical data that requires specialized knowledge to understand and interpret"; and regarding any "information that any expert in physics or mechanical engineering would provide as context to help the factfinder understand [] testing results." That is, the Court should prohibit any attempt by Fiskars to solicit from any non-expert witness testimony or evidence requiring specialized knowledge or expertise that may support Fiskars' Power Claims, as all such testimony and information would fall within the scope of Rule 702. Since Fiskars did not provide this expert analysis and testimony in its expert reports by the Court-ordered deadlines, Woodland anticipates that Fiskars will attempt to inject this testimony and evidence through lay witnesses, as it has already attempted to do with Mr. Cunningham's declaration at summary judgment. The Court should reject any such attempt.

Woodland would be substantially and severely prejudiced if Fiskars is allowed to ambush Woodland with new, specialized or technical testimony or evidence at trial that purports to

3

substantiate Fiskars' Power Claims accused of false advertising. This is especially true given that Fiskars was required to disclose any proponent or rebuttal expert testimony many months ago.

Dated September 13, 2024.

**DeWitt LLP**

By: */s/ Elijah B. Van Camp*
Stephen A. DiTullio (#1019446)
Elijah B. Van Camp (#1100259)
Laura M. Davis (#1100008)
Jordan Rohlfing (#1088042)
C. Kai Hovden (#1106888)
Craig Fieschko (#1019872)
25 West Main Street, Suite 800
Madison, WI 53703
Tel: 608-255-8891
Fax: 608-252-9243
sad@dewittllp.com
evc@dewittllp.com
lmd@dewittllp.com
jxr@dewittllp.com
ckh@dewittllp.com
cf@dewittllp.com

**Attorneys for Defendant Woodland Tools Inc.**