IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FISKARS FINLAND OY AB, and FISKARS BRANDS INC.,

          Plaintiffs,

   v.

WOODLAND TOOLS INC., LUMINO, INC., ROSS GUNDLACH, VANCE KOCH, and STEPHANIE COTA,

          Defendants.

PERMANENT INJUNCTION

22-cv-540-jdp

---

## BACKGROUND AND DEFINITIONS

A jury found that defendants, Fiskars Finland Oy Ab and Fiskars Brands Inc. (collectively Fiskars), have falsely advertised certain Fiskars garden tools by making false claims about their design origin or by making misleading claims about their cutting power. The misleading cutting power claims were those that made quantified comparative cutting power claims, such as "up to 3x more power" or "cuts 3x easier," without disclosing the base of comparison (Ambiguous Quantified Comparative Cutting Power Claims).

As used in this order: Advertising means any advertising or promotional material, including in-store signs, aisle violators, media advertising, social media postings, or web sites; Web Assets means any material prepared by Fiskars for posting on any web site or social media platform, including Fiskars' own web sites and social media accounts.

Those bound by this injunction (the Enjoined Parties) include defendants Fiskars Finland Oy Ab, and Fiskars Brands Inc., and their officers, agents, servants, employees,

attorneys, and all other persons or entities who have actual notice of this injunction order and act in concert or active participation with the other enjoined parties.

## ORDER

IT IS ORDERED that the Enjoined Parties are permanently ENJOINED as follows:

1) The Enjoined Parties must not state on the product packaging of Fiskars 9117 Pruners and Fiskars 9688 Pruners or in any Advertising that these products were "Designed by Fiskars in USA."

2) The Enjoined Parties must not make any Ambiguous Quantified Comparative Cutting Power Claims on the product packaging or in the Advertising of any of the following Fiskars products:

    - 9286 Hedge Shears
    - 9480 Loppers (Titanium)
    - 9480 Loppers (Ultra Blade)
    - 9279 Hand Pruners
    - 7972 Loppers (Titanium)
    - 7972 Loppers (Black)
    - 9398 Tree Pruners
    - 9181 Hedge Shears
    - 9138 Bypass Loppers
    - 9154 Loppers
    - 9473 Tree Pruners
    - 9110 Hand Pruners

3) The prohibitions in Paragraph 1) and 2) above are effective 21 days after this order. The prohibitions apply to any products, Advertising, or Web Assets within Fiskars' possession or control and those that come into Fiskars' possession or control after the date of this order.

4) For purposes of clarity: Fiskars may comply with the prohibitions in Paragraph 1) and 2) by applying stickers to product packaging before those products are shipped to customers. Products that have been shipped or delivered to Fiskars' customers before the effective date are not covered by this order. Fiskars is not required to recall products from any third party.

5) By January 31, 2025, Fiskars must inform its garden tool retail customers of this injunction order and instruct them to remove any in-store signage or Web Assets that make Ambiguous Quantified Comparative Cutting Power Claims.

6) After January 31, 2025, Fiskars shall not produce or order packaging for any garden cutting tool (regardless of whether the product or package was part of Woodland Tools' false advertising claims or subject to the jury's verdict) for sale in the United States that makes any Ambiguous Quantified Comparative Cutting Power Claim.

Entered December 27, 2024.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge